**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| MAYA DANGELAS, et al., | § | |
| Plaintiffs, | § | |
| | § | Civil Action No. 4:26-cv-04908 |
| v. | § | |
| | § | JUDGE CHARLES ESKRIDGE |
| CHICAGO CRYSTAL BALL, LLC | § | |
| (Idaho), et al., | § | |
| Defendants. | § | |

**DEFENDANT, CRISTIANO CALLEGARI'S MOTION TO DISMISS THE AMENDED COMPLAINT UNDER RULES 12(b)(1) AND 12(b)(6)**

# TABLE OF CONTENTS

I. INTRODUCTION .......... 1
II. NATURE AND STAGE OF THE PROCEEDING .......... 2
III. STATEMENT OF FACTS .......... 2
IV. STATEMENT OF THE ISSUES .......... 3
V. STANDARD OF REVIEW .......... 4
VI. SUMMARY .......... 5
VII. ARGUMENT .......... 6
A. Dangelas lacks standing, her claims must be dismissed under Rule 12(b)(1) .......... 6
B. Plaintiffs fail to allege that Angels Company authorized this action .......... 8
C. Plaintiffs' claims are derivative .......... 9
D. The fraud and fraudulent inducement claims fail under Rule 9(b) and Texas law .......... 10
E. The statutory fraud claim fails as a matter of law .......... 11
F. The contract claims fail .......... 12
G. The fiduciary duty claims fail .......... 14
H. The conversion and Texas Theft Liability Act claims fail .......... 15
I. Dismissal should be with prejudice as leave to amend would be futile .......... 15
VIII. CONCLUSION AND PRAYER .......... 17
CERTIFICATE OF WORD COUNT .......... 17
CERTIFICATE OF CONFERENCE .......... 18
CERTIFICATE OF SERVICE .......... 18

# TABLE OF AUTHORITIES

**Cases**

*Aquaplex, Inc. v. Rancho La Valencia, Inc.*, 297 S.W.3d 768 (Tex. 2009) ....................... 11
*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ....................... 4
*Bayport Polymers LLC v. CB&I LLC*, 699 S.W.3d 626 (Tex. App.—Houston [14th Dist.] 2024, pet. denied) ....................... 13
*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) ....................... 4
*Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101 (7th Cir. 1984) ....................... 7, 12
*Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285 (5th Cir. 2004) ....................... 4
*Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496 (5th Cir. 2000) ....................... 4
*Cutrera v. Bd. of Supervisors of La. State Univ.*, 429 F.3d 108 (5th Cir. 2005) ....................... 7, 12
*Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333 (5th Cir. 2008) ....................... 5
*Flaherty & Crumrine Preferred Income Fund, Inc. v. TXU Corp.*, 565 F.3d 200 (5th Cir. 2009) ....................... 10
*Haase v. Glazner*, 62 S.W.3d 795 (Tex. 2001) ....................... 11
*Hall v. Hall*, 158 Tex. 95, 308 S.W.2d 12 (1957) ....................... 13
*Jim Walter Homes, Inc. v. Reed*, 711 S.W.2d 617 (Tex. 1986) ....................... 15
*Lujan v. Defenders of Wildlife*, 504 U.S. 555 (1992) ....................... 4, 7
*Marucci Sports, L.L.C. v. NCAA*, 751 F.3d 368 (5th Cir. 2014) ....................... 16
*Metromarketing Servs., Inc. v. HTT Headwear, Ltd.*, 15 S.W.3d 190 (Tex. App.—Houston [14th Dist.] 2000, no pet.) ....................... 13
*Meyer v. Cathey*, 167 S.W.3d 327 (Tex. 2005) ....................... 14
*Mitchell Energy Corp. v. Samson Res. Co.*, 80 F.3d 976 (5th Cir. 1996) ....................... 15
*Nathenson v. Zonagen Inc.*, 267 F.3d 400 (5th Cir. 2001) ....................... 4
*Shaw v. Restoration Hardware, Inc.*, 93 F.4th 284 (5th Cir. 2024) ....................... 5
*Shushany v. Allwaste, Inc.*, 992 F.2d 517 (5th Cir. 1993) ....................... 5
*Simmons v. Peavy-Welsh Lumber Co.*, 113 F.2d 812 (5th Cir. 1940) ....................... 5, 14
*Southland Sec. Corp. v. INSpire Ins. Solutions, Inc.*, 365 F.3d 353 (5th Cir. 2004) ....................... 10
*Sullivan v. Leor Energy, LLC*, 600 F.3d 542 (5th Cir. 2010) ....................... 10
*T.O. Stanley Boot Co. v. Bank of El Paso*, 847 S.W.2d 218 (Tex. 1992) ....................... 12
*Tuchman v. DSC Commc'ns Corp.*, 14 F.3d 1061 (5th Cir. 1994) ....................... 11
*Warth v. Seldin*, 422 U.S. 490 (1975) ....................... 4, 7

*Westfall v. Miller*, 77 F.3d 868 (5th Cir. 1996) ....................4
*Williams v. WMX Techs., Inc.*, 112 F.3d 175 (5th Cir. 1997)....................10
*Williamson v. Tucker*, 645 F.2d 404 (5th Cir. 1981) ....................4
*Wingate v. Hajdik*, 795 S.W.2d 717 (Tex. 1990)....................9

**Statutes and Rules**

28 U.S.C. § 1447(c) ....................8
Fed. R. Civ. P. 4(d) ....................2
Fed. R. Civ. P. 6(b)(1) ....................2
Fed. R. Civ. P. 9(a)(2)....................1, 3, 8
Fed. R. Civ. P. 9(b) ....................5, 10
Fed. R. Civ. P. 12(b)(1) ....................1, 4, 6, 17
Fed. R. Civ. P. 12(b)(6) ....................1, 2, 3, 4, 9, 17
Fed. R. Civ. P. 17(a)(1)....................1, 3, 8
Tex. Bus. & Com. Code § 26.01(b)(6) ....................13
Tex. Bus. & Com. Code § 27.01....................11, 16
Tex. Bus. Orgs. Code § 101.106....................12, 15
Tex. Bus. Orgs. Code §§ 101.451–.463....................9

**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| MAYA DANGELAS, et al.,<br>Plaintiffs, | § <br>§ | |
| | § | Civil Action No. 4:26-cv-04908 |
| v. | § | |
| | § | JUDGE CHARLES ESKRIDGE |
| CHICAGO CRYSTAL BALL, LLC<br>(Idaho), et al.,<br>Defendants. | §<br>§<br>§ | |

**DEFENDANT, CRISTIANO CALLEGARI'S MOTION TO DISMISS THE AMENDED COMPLAINT UNDER RULES 12(b)(1) AND 12(b)(6)**

Defendant, Cristiano Callegari moves under Rule 12(b)(1) to dismiss all claims of Plaintiff, Maya Dangelas for lack of standing, and under Rule 12(b)(6), with specific denials under Rule 9(a)(2) and Rule 17(a)(1) to dismiss all claims against him in Plaintiffs' Amended Complaint (Dkt. 13) for failure to state a claim, and respectfully shows:

## I. INTRODUCTION

Plaintiff, Maya Dangelas and Defendant, Cristiano Callegari were formerly in a relationship (Decl. Callegari, Dkt. 3, ¶¶ 5-7). During the relationship, Callegari received many impressive gifts, including Chicago Crystal Ball's dance competition, purchased with funds from Angels Company. (*Id.*). The two are no longer together (*Id.*). Dangelas now wants the gift back and stylizes it as a business dispute (*Id.*). The Complaint and Amended Complaint struggle to shoehorn an informal gift with no expectation of repayment into a business venture based solely on alleged oral agreements lacking any specificity or evidence.

## II. NATURE AND STAGE OF THE PROCEEDING

Plaintiffs sued in the 125th Judicial District Court of Harris County, Texas. Defendants removed on diversity grounds (Dkt. 1). This Court denied Plaintiffs' application for a temporary restraining order (Dkt. 11). Plaintiffs filed an Amended Complaint on June 26, 2026 (Dkt. 13). Defendants, Francesco Flumiani, Chicago Crystal Ball, LLC (Idaho) and Chicago Crystal Ball, LLC (Florida) moved to dismiss under Rule 12(b)(6) on July 9, 2026 (Dkt. 21). That motion, and Plaintiffs' motion for a preliminary injunction (Dkt. 15), will be heard at the initial conference set for September 23, 2026 (Dkts. 33, 42, 45). Discovery is stayed pending that conference (Dkt. 45).

This motion is timely. Plaintiffs elected to complete service on Callegari by waiver, their request under Rule 4(d) was sent on July 10, 2026, and the undersigned executed and returned the waiver on Callegari's behalf on July 22, 2026, as reported to the Court without any objection from Plaintiffs on July 29, 2026 (Dkt. 35). Under Rule 4(d)(3), a defendant who timely returns a waiver need not serve an answer or Rule 12 motion until 60-days after the date the request was sent, which here would be September 8, 2026. In the alternative, Callegari requests any needed brief extension under Rule 6(b)(1).

## III. STATEMENT OF FACTS

The Amended Complaint pleads that on December 17, 2023, Cristiano Dance Company LLC and Flumiani purchased the assets of the original Chicago Crystal Ball LLC (an Arizona limited liability company with owners who are not named in this suit) under a written Asset Purchase Agreement, with Dangelas funding the $250,000 price (Dkt. 13, ¶¶

16, 19, Dkt. 34-3). Plaintiffs allege that Flumiani and Callegari orally agreed that Angels Company "would own 100% of a newly formed Chicago Crystal Ball" (Dkt. 13, ¶ 20), that CCB Idaho was organized later in January 2024 and thereafter operated the dance competition, with revenues deposited in a Houston bank account opened for CCB Idaho (Dkt. 13, ¶¶ 21–24, 30). Plaintiff also alleged that the funds Dangelas furnished "were given to CCB" (Dkt. 13, ¶ 26) and that Defendants refused on demand to document Angels Company's claimed ownership or to account for revenues (Dkt. 13, ¶¶ 27–28). On these allegations Plaintiffs plead fraud and fraudulent inducement, statutory fraud, breach of contract, breach of fiduciary duty, and conversion and statutory theft, and seek damages in excess of $350,000 (Dkt. 13, ¶¶ 31–50).

## IV. STATEMENT OF THE ISSUES

1. Whether Dangelas has Article III standing when she has sworn that she owns no interest in Angels Company and that the funds sued for were not paid by her.

2. Whether Angels Company is shown to have authorized this suit, upon Callegari's specific denial under Rule 9(a)(2) and Rule 17(a)(1).

3. Whether the claims for injury to Chicago Crystal Ball fail to state a claim under Rule 12(b)(6) because they are derivative and may not be brought individually.

4. Whether any cause of action for fraud, fraudulent inducement, statutory fraud, breach of contract, breach of fiduciary duty, or conversion and statutory theft states a claim against Callegari.

5. Whether dismissal should be with prejudice because amendment would be futile.

## V. STANDARD OF REVIEW

A motion under Rule 12(b)(1) may contest subject matter jurisdiction. In a factual attack on subject matter jurisdiction, the Court may consider evidence outside the pleadings, including affidavits in the record, and "no presumption of truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Williamson v. Tucker*, 645 F.2d 404, 412–13 (5th Cir. 1981). The plaintiff bears the burden of establishing jurisdiction which for Article III standing requires a concrete, particularized "injury in fact" to a legally protected interest of the plaintiff. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992). A plaintiff "must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties." *Warth v. Seldin*, 422 U.S. 490, 499 (1975).

Under Rule 12(b)(6), to survive dismissal, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The Court accepts well pleaded facts as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). However, Courts will not "strain to find inferences favorable to the plaintiffs." *Westfall v. Miller,* 77 F.3d 868, 870 (5th Cir.1996). Nor do Courts "accept conclusory allegations, unwarranted deductions, or legal conclusions." *Nathenson v. Zonagen Inc.,* 267 F.3d 400, 406, (5th Cir. 2001).

The Court may consider the pleading and exhibits the pleading references that are central to the claims. *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004); and *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–99 (5th Cir.

2000). "Where there is a conflict between allegations in a pleading and exhibits thereto, it is well settled that the exhibits control." *Simmons v. Peavy-Welsh Lumber Co*., 113 F.2d 812, 813 (5th Cir. 1940). The Court may refuse to accept an amended pleading if it would force the Court "to overlook and turn a blind eye to all plaintiffs' previous allegations" in the prior pleadings which were fatal to its claims. *Shaw v. Restoration Hardware, Inc.*, 93 F.4th 284, 293 (5th Cir. 2024).

Fraud must plead with particularity "the who, what, when, where, and how." *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 339 (5th Cir. 2008). Dismissal for failure to plead fraud with particularity as required by Rule 9(b) is a dismissal on the pleadings for failure to state a claim. *Shushany v. Allwaste, Inc.,* 992 F.2d 517, 520 (5th Cir.1993).

## VI. SUMMARY

"This is not a case where the plaintiff has pleaded too little, but where [s]he has pleaded too much and has refuted [her] own allegations by setting forth the evidence relied on to sustain them…The litigant may be defeated by [her] own evidence, the pleader by [her] own exhibits; the appellant has become enmeshed in [her] own prolixity." *Simmons*, 113 F.2d at 813. Indeed, this motion begins with a threshold defect based solely on Plaintiffs' own words. On July 2, 2026, Plaintiff, Maya Dangelas swore in a notarized affidavit filed in this Court that Angels Company, Inc. ("Angels Company") is "a company in which I own no interest," and that the $250,000 sued for "was paid by Angels Company, Inc. and not by me." (Dkt. 15-5, p. 1). The Amended Complaint pleads that Flumiani and Callegari agreed that Angels Company alone would own CCB, and that the funds went

from Angels Company to CCB (Dkt. 13, ¶¶ 20, 26). Dangelas is therefore neither promisee, nor owner, nor member, nor payor. She has no injury of her own and no standing.

Angels Company's claims fare no better, as the pleading identifies no officer, director, or agent of the company. The only person who has ever purported to act for Angels Company in this case is Dangelas, who verified the TRO application on its behalf (Dkt. 8), but she has since sworn away any interest in the company in the above cited, subsequent affidavit. And the counts pleading injury to CCB are derivative of Plaintiff's own theory, which is a failure to state a claim, not a defect in this Court's jurisdiction.

The remaining grounds, already briefed in Defendant, Flumiani and CCB's Motion to Dismiss (Dkt. 21) are equally applicable to Callegari and dispose of every count on the merits. Callegari presents all grounds here so that the pending motions may hopefully be resolved together at the September 23 conference.

## VII. ARGUMENT

### A. Dangelas lacks standing, her claims must be dismissed under Rule 12(b)(1).

The controlling document is Dangelas's own affidavit, sworn July 2, 2026 and filed in support of an application for a preliminary injunction. She swore that "it was agreed that a company in which I own no interest, Angels Company, Inc., would own 100% of Chicago Crystal Ball," and that "[t]he total purchase price was $250,000. This money was paid by Angels Company, Inc. and not by me" (Dkt. 15-5, p. 1). Those two sentences dispose of her individual claims. The first removes her from the promise, as the entity that was to receive 100% of CCB is one in which she swears she holds nothing. The second removes

her from the payment, as the $250,000 she sues to recover was not her money, per her sworn statement. She is neither promisee, nor owner, nor member, nor payor. Article III standing requires an injury to a legally protected interest of her own. *Lujan*, 504 U.S. at 560–61; *Warth*, 422 U.S. at 499.

The Amended Complaint, read alone, pleads the same result. The promise ran to Angels Company, as "Flumiani and Callegari agreed that Angels Company, Inc. would own 100% of a newly formed Chicago Crystal Ball" (Dkt. 13, ¶ 20). The funds "were not given to Callegari but were given to CCB" (Dkt. 13, ¶ 26). The revenues were CCB's, "deposited in the bank account opened for CCB" (Dkt. 13, ¶ 30). The fiduciary duties pleaded are owed "to the company and to the members of the company," not to her. (Dkt. 13, ¶ 41). Nowhere does the pleading allege that Dangelas owns any interest in Angels Company, that she is a member of either CCB entity, or that any promise was made to her in her own right.

The only personal outlay Dangelas swore to in her July 2, 2026 Affidavit, "more than $100,000" funded "for operations," defeats itself three ways. By her own sentence it "was to be repaid by Angels Company," making any resulting chose in action Angels Company's, not hers (Dkt. 15-5, p. 1). The Amended Complaint pleads those funds were solicited to "fund CCB operating expenses" and "were given to CCB," (Dkt. 13, ¶¶ 23, 26). A payment to CCB creates, at most, a claim against CCB, and Callegari is not the borrower. And no count of the Amended Complaint pleads a loan, a demand, or a failure to repay. A claim may not be amended by a memorandum of law. *Cutrera v. Bd. of Supervisors of La. State Univ.*, 429 F.3d 108, 113 (5th Cir. 2005) see also *Car Carriers, Inc. v. Ford Motor*

*Co.,* 745 F.2d 1101, 1107 (7th Cir. 1984), "[I]t is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss."

A lack of standing is jurisdictional and defeats all of Dangelas' claims against all defendants. Because Angels Company remains a plaintiff, subject matter jurisdiction over the action is unaffected and no question of remand arises under 28 U.S.C. § 1447(c).

**B. Plaintiffs fail to allege that Angels Company authorized this action.**

Pursuant to Rule 9(a)(2) and Rule 17(a)(1), Callegari specifically denies that Angels Company has authorized the institution or maintenance of this action and specifically denies that any person has been shown to possess authority to act for the company in this litigation. The Amended Complaint identifies no officer, director, shareholder, or agent of Angels Company. Here, the only person who has ever purported to act for Angels Company is Dangelas, who verified the temporary restraining order application "individually and for Angels Company, Inc.," (Dkt. 8, Verification p. 5). Critically, Dangelas has since sworn that she owns "no interest" in Angels Company. (Dkt. 15-5, p. 1). Facts which could potentially establish corporate authority are solely within Plaintiffs' knowledge. Upon this denial, the burden of establishing such facts rests on Plaintiffs.

The two positions cannot both stand. Either Dangelas had authority to sign the Verification on behalf of Angels Company on June 23, 2026, in which case her July 2, 2026 disclaimer of any interest is false or incomplete. Or the disclaimer is true, and the Verification was signed by a person with no authority. On the face of Plaintiffs' own filings, no natural person with authority to retain counsel for Angels Company, to verify

on its behalf, or to commit it to this litigation has been identified. We respectfully request that Angels Company's claims be dismissed absent a showing of such authority.

**C. Plaintiffs' claims are derivative.**

Callegari raises this ground under Rule 12(b)(6). Callegari does not contend that it deprives the Court of subject matter jurisdiction over Angels Company's claims. Real persons who are not members of a limited liability company have neither a direct claim for injury to the company nor access to Tex. Bus. Orgs. Code §§ 101.451 to 101.463 permitting derivative suits. The misappropriation, disgorgement, and breach of fiduciary duty claims plead injury to CCB itself, including its funds, its property, and its revenue from events (Dkt. 13 ¶¶ 30, 41–46). A corporate shareholder may not recover individually for a wrong done to the company, because the claim belongs to the corporation. *Wingate v. Hajdik*, 795 S.W.2d 717, 719 (Tex. 1990). Similarly, a member may not sue on behalf of a limited liability company, because the claim belongs to the company and can only be pursued derivatively, after statutory prerequisites have been fulfilled. Tex. Bus. Orgs. Code §§ 101.451 to 101.463. Plaintiffs have not sued derivatively, nor have they alleged compliance with the statutory prerequisites. The closely held limited liability company provision § 101.463(c), operates "if justice requires" and only in favor of "a member," a status the pleading does not plausibly allege that either Plaintiff holds. In fact, the Amended Complaint alleges the opposite: that Defendants "refused, on demand, to document Angels Company's ownership of CCB." (Dkt. 13, ¶ 27). On Plaintiffs' own pleading the

membership was never documented, and a non-member has neither a direct claim for injury to the company nor access to § 101.463.

**D. The fraud and fraudulent inducement claims fail under Rule 9(b) and Texas law.**

At the pleading stage, a plaintiff must allege fraud with the particularity required by Rule 9(b) of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 9(b) ("In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake"). The Fifth Circuit "interprets Rule 9(b) strictly, requiring the plaintiff to specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent" *Flaherty & Crumrine Preferred Income Fund, Inc. v. TXU Corp.,* 565 F.3d 200, 207 (5th Cir. 2009).

Here, the fraud counts are pleaded entirely in the collective: "Defendants and each of them made false representations of material fact," and made unspecified "promises of future performance" (Dkt. 13, ¶¶ 32–33). The pleading never identifies a single statement Callegari made to either Plaintiff, nor its content, time, place, or falsity. Rule 9(b) forbids exactly this type of group pleading. See *Southland Sec. Corp. v. INSpire Ins. Solutions, Inc.*, 365 F.3d 353, 364–65 (5th Cir. 2004) holding that a plaintiff alleging securities fraud must plead fraud with particularity with respect to each defendant. The plaintiff must "specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent." *Sullivan v. Leor Energy, LLC,* 600 F.3d 542, 551 (5th Cir. 2010) quoting *Williams v. WMX Technologies, Inc.,* 112 F.3d 175, 177 (5th Cir. 1997). The

one specific written statement attributed to Callegari, that he signed the Asset Purchase Agreement "expressly stating" he acted "on behalf of Cristiano Dance Company LLC," (Dkt. 13, ¶¶ 16–18), was only made in the Agreement, to the sellers, CCB (Arizona). Plaintiffs never allege it was made to them, relied on by them, or was the cause of any loss.

Separately and independently, under Texas law, a promise of future performance is actionable only if the promisor had no intention of performing when the promise was made, however, the mere failure to perform is not evidence of that intent. *Aquaplex, Inc. v. Rancho La Valencia, Inc.*, 297 S.W.3d 768, 774-775 (Tex. 2009). In support, Plaintiffs only bother to offer one conclusory line, reciting the bare elements common to all fraud causes of action. (Dkt. 13, ¶ 33). This fails as a matter of law as Plaintiffs must "plead specific facts, not mere conclusory allegations." *Tuchman v. DSC Commc'ns Corp.*, 14 F.3d 1061, 1067–68 (5th Cir. 1994). And to the extent the fraud counts seek the benefit of the alleged ownership promise, they are barred by the Statute of Frauds, which may not be circumvented by recasting an unenforceable bargain as a tort. See *Haase v. Glazner*, 62 S.W.3d 795, 798–99 (Tex. 2001) "the Statute of Frauds bars a fraud claim to the extent the plaintiff seeks to recover as damages the benefit of a bargain that cannot otherwise be enforced because it fails to comply with the Statute of Frauds."

**E. The statutory fraud claim fails as a matter of law.**

Texas Business and Commerce Code § 27.01 reaches only fraud "in a transaction involving real estate or stock." The pleaded transaction is a sale of business assets, and the thing allegedly promised was 100% ownership of "a newly formed Chicago Crystal Ball,"

(Dkt. 13, ¶ 20) which was in fact a limited liability company, as the pleading itself alleges (Dkt. 13, ¶ 21) and as the Certificate of Organization Plaintiffs attach to their own response confirms (Dkt. 34-5). A membership interest is personal property, not stock (Tex. Bus. Orgs. Code § 101.106(a)). And a limited liability company is neither a corporation nor a joint-stock company. Plaintiffs' Response to Flumiani and CCB's Motion to Dismiss (Dkt. 21) pivots to a new theory, namely that the parties agreed to form a corporation and the breach was forming an LLC instead. (Dkt. 34, ¶ 21). No such allegation appears anywhere in the Amended Complaint, and a claim may not be amended by a memorandum of law. *Cutrera v. Bd. of Supervisors of La. State Univ.*, 429 F.3d 108, 113 (5th Cir. 2005) see also *Car Carriers, Inc. v. Ford Motor Co.,* 745 F.2d 1101, 1107 (7th Cir. 1984), "[I]t is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss." More importantly, the pivot does not help, an oral promise that a not yet existing entity would someday issue stock is not a "transaction involving . . . stock."

**F. The contract claims fail.**

The contract claims rest on an oral "agreement" that Angels Company would own 100% of a company yet to be formed, pleaded without a single term, and leaving absent when or how the interest would be conveyed, by whom, or for what consideration. A contract must be definite as to its essential terms to be enforceable. See *T.O. Stanley Boot Co. v. Bank of El Paso*, 847 S.W.2d 218, 221 (Tex. 1992) "The material terms of the contract must be agreed upon before a court can enforce the contract. Where an essential term is open for future negotiation, there is no binding contract."

Alternatively, the Statute of Frauds bars the alleged multi-year oral arrangement. TEX. BUS. & COM. CODE § 26.01(b)(6). The Amended Complaint vaguely alleged an oral agreement for an ongoing business arrangement with Plaintiffs purchasing the assets of CCB Arizona and providing an additional $100,000 in funding for operating expenses; and Defendants opening up a new CCB, placing CCB Arizona's assets in the new CCB, giving Angels Company 100% ownership of the newly formed CCB, holding a once a year event, and giving all revenue earned to the new CCB. (Dkt. 13, ¶ ¶ 20-24, 30). Notably, Plaintiffs alleged that "Flumiani and Callegari did substantial business in 2024, 2025, and 2026 using the assets purchased by Dangelas. ***However, they refused to account for the money earned***." (***emphasis added***, Dkt. 13, ¶ 24). Plaintiffs claim breach based on Defendants' alleged refusal to account for the money earned—not for holding the competition annually for multiple years. The events described in Plaintiff's alleged oral agreement were intended to be completed in more than one year. As pleaded, this falls within the statute of frauds:

> "Though CB&I states that the BB3 project contemplated a multi-year construction, it nonetheless proposes that the project 'could conceivably be performed within a single year.' When parties enter into a contract without explicitly mentioning a time for performance, the relevant inquiry is whether the parties intended to complete the contract within a year." *Bayport Polymers LLC v. CB&I LLC,* 699 S.W.3d 626, 650 n.3 (Tex. App.-Houston [14th Dist.] 2024, pet. denied) citing *Metromarketing Servs., Inc. v. HTT Headwear, Ltd.*, 15 S.W.3d 190, 195–96 (Tex. App.—Houston [14th Dist.] 2000, no pet.) and *Hall v. Hall*, 158 Tex. 95, 308 S.W.2d 12, 16 (1957).

The only written agreement pleaded, the Asset Purchase Agreement, which Plaintiffs attach to their response, (Dkt. 34-3), is a contract between the Arizona seller and

Cristiano Dance Company LLC and Flumiani. Neither Plaintiff is a party to it. Callegari is not a party to it in his individual capacity, and it contains no obligation to convey or document ownership to anyone. The exhibit controls over contrary allegations. *Simmons*, 113 F.2d at 813. The forfeited charter allegation, (Dkt. 13, ¶ 11), at most concerns responsibility for obligations of Cristiano Dance Company LLC, a company that owes Plaintiffs nothing under a contract to which they are strangers. Plaintiffs' allegations do not create a contract between Callegari and Plaintiffs.

**G. The fiduciary duty claims fail.**

Managers owe fiduciary duties to the company and its members, not to a non-member who says she supplied funds. The premise that Angels Company (much less Dangelas) is a member of CCB is the very conclusion in dispute, pleaded without facts. The pleading alleges only a promise that ownership would be conveyed, and that Defendants "refused, on demand, to document" it (Dkt. 13, ¶¶ 20, 27). No informal fiduciary relationship is pleaded apart from the transaction made the basis of the suit, and subjective trust does not create one. See *Meyer v. Cathey*, 167 S.W.3d 327, 330–31 (Tex. 2005) "To impose an informal fiduciary duty in a business transaction, the special relationship of trust and confidence must exist prior to, and apart from, the agreement made the basis of the suit." Whether a fiduciary duty exists on these pleaded facts is a question of law, and the answer is no.

**H. The conversion and Texas Theft Liability Act claims fail.**

Both claims presuppose that Plaintiffs own or hold a superior possessory right to the funds and property at issue. But the pleading alleges the opposite: the funds "were given to CCB," and the revenues were simply deposited into "the bank account opened for CCB" (Dkt. 13, ¶¶ 26, 30). Under Tex. Bus. Orgs. Code § 101.106(b) a member "does not have an interest in any specific property of the company." And the Amended Complaint does not even plead either Plaintiff as a member. Conversion of money lies only for a specific, identifiable, segregated fund, but Plaintiffs identify none. *See Mitchell Energy Corp. v. Samson Res. Co.,* 80 F.3d 976, 984 (5th Cir. 1996) ("Where money is involved, it is subject to conversion only when it can be described or identified as a specific chattel, but not where an indebtedness may be discharged by the payment of money generally.")

The Texas Theft Liability Act claim rests on the same ownership premise and the same conclusory averments and fails with them. Independently, the economic loss rule confines Plaintiffs to contract remedies, as conversion and the Texas Theft Liability Act seek the identical loss as the alleged bargain, i.e. the money "furnished" and the ownership promised. "When the injury is only economic loss to the subject of a contract itself the action sounds in contract alone." *Jim Walter Homes, Inc. v. Reed*, 711 S.W.2d 617, 618 (Tex. 1986).

**I. Dismissal should be with prejudice as leave to amend would be futile.**

Plaintiffs' Response to Flumiani and CCB's Motion to Dismiss (Dkt. 21) requests leave to amend yet again (Dkt. 34). Leave may be denied where amendment would be

futile. *Marucci Sports, L.L.C. v. NCAA*, 751 F.3d 368, 378 (5th Cir. 2014). The controlling defects here are legal, not factual, the scope of § 27.01, the Statute of Frauds, the derivative character of the company injury claims, the absence of any fiduciary relationship, the want of an identifiable fund, and the economic loss rule. No new allegation can cure them. The record confirms the point: (1) this is already Plaintiffs' second pleading; (2) their account has shifted on nearly every material fact between the Original Petition and the Amended Complaint, (see Dkt. 21, Sections III.B and III.C for more detail); (3) the exhibits Plaintiffs themselves attached to their response supply none of the missing elements; (4) the Asset Purchase Agreement names neither Plaintiff; and (5) the bank records show transfers from Angels Company's accounts, not any conveyance of ownership to either Plaintiff (Dkts. 34-3, 34-4, 34-6, 34-7). A third pleading built on the same transaction cannot state a claim. Dismissal should be with prejudice.

For Dangelas, futility is inescapable. To plead an individual claim, she must allege an ownership interest in Angels Company or a personal entitlement to the funds. Either she stands on her July 2, 2026 affidavit swearing she owns no interest in Angels Company and did not pay the $250,000 to which no amendment can supply standing. Or she amends to allege the opposite, and the new pleading contradicts a notarized affidavit she filed in this Court to obtain injunctive relief. Plaintiffs have given three sworn accounts of the ownership structure in fifteen days, as the June 17, June 23, and July 2 accounts are all different. Most notably, the June 17, 2026 state court declaration — filed in this Court by Plaintiffs themselves as an exhibit to their preliminary injunction motion — described Angels Company as "a company in which I own an interest" (Dkt. 15-6, p. 1), and in stark

contrast, the July 2, 2026 affidavit describes it as "a company in which I own no interest" (Dkt. 15-5, p. 1). Both oaths are in this Court's record. The difficulty is not missing information; it is that the accounts are irreconcilable. Plaintiff has pleaded herself out of Court.

## VIII. CONCLUSION AND PRAYER

Defendant, Cristiano Callegari respectfully requests that the Court dismiss all claims of Plaintiff, Maya Dangelas under Rule 12(b)(1) for lack of standing, dismiss all remaining claims against Callegari with prejudice under Rule 12(b)(6), deny Plaintiffs leave to amend as futile, and grant Callegari all other relief to which he is justly entitled.

Dated: September 1, 2026

Respectfully submitted,

BY: *<u>/s/ Paul F. O'Reilly</u>*

PAUL F. O'REILLY, ESQ.
N.Y. State Bar No. 4245866
(admitted pro hac vice, Dkt. 24)
75 Broad Street, Suite 2120
New York, NY 10004
Tel: (917) 387-3630
Email: paul@oreilly.esq
*Counsel for Defendant, Cristiano Callegari*

## CERTIFICATE OF WORD COUNT

Relying on the word count function of the word-processing software used to prepare this Motion, I certify that the portions of this Motion subject to the word limit of Court Procedure 18(c) contain 4,576 words.

*<u>/s/ Paul F. O'Reilly</u>*

## CERTIFICATE OF CONFERENCE

Pursuant to Court Procedures 17(a) and 17(b), on August 27, 2026, counsel for Defendant, Callegari identified in writing to counsel for Plaintiffs the pleading deficiencies raised in this Motion, offered a telephonic conference, and requested Plaintiffs' written position by August 31, 2026. The deficiencies identified are materially the same as those raised with Plaintiffs on July 1, 2026 in connection with the motion to dismiss of the other Defendants (Dkt. 34-1), on which Plaintiffs have already stated and briefed their opposition (Dkt. 34). Plaintiffs' counsel did not respond in writing, and the parties were unable to resolve the issues. Additionally, a Rule 26(f) conference was held on August 31, 2026, and the undersigned would not consent to another Amended Complaint. The Motion is presumed to be opposed.

*/s/ Paul F. O'Reilly*

## CERTIFICATE OF SERVICE

I certify that on September 1, 2026, a true and correct copy of the foregoing was served on all counsel of record through the Court's CM/ECF system, including counsel for Plaintiffs, Michael Sydow and Andrew Pidgirsky, Lewis Brisbois Bisgaard & Smith LLP, 24 Greenway Plaza, Suite 1400, Houston, Texas 77046.

*/s/ Paul F. O'Reilly*